\\UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **LARRY PREWITT**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  2:19-cv-2465 |
| ) | |
| **TRANSPORTATION EMPLOYEE LEASING,** ) | |
| **LLC, and TENNESSEE CARRIERS INC.,** ) | JURY DEMANDED |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Larry Prewitt, by and through counsel of record, Cameron M. Watson and Jared S. Renfroe, and file this Complaint for damages against the above-named Defendants for violating his rights under the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), as codified and amended at 42 U.S.C. § 12101 *et seq.*, for violating his rights under the Tennessee Human Rights Act ("THRA"), as codified at Tenn. Code Ann. §§ 4-21-101 *et seq.*, and for violating his rights under the Tennessee Disability Act ("TDA"), as codified at Tenn. Code Ann. §§ 8-50-103, *et seq.*  In support, Plaintiff would show the Court as follows:

### PARTIES

1. Plaintiff, Larry Prewitt, is an adult resident and citizen of Memphis, Tennessee.

2. Transportation Employee Leasing, LLC is a Tennessee limited liability company, whose principal place of business is 3184 Millington Road, Memphis, TN 38127, and may receive service of process through Gordon Wynn, III at 3180 Millington Road, Memphis, TN 38127.

1

3. Tennessee Carriers, Inc. is a Tennessee corporation, whose principal place of business is 3184 Millington Road, Memphis, TN 38127, and may receive service of process through Gordon Wynn at 3184 Millington Road, Memphis, TN 38127.

## JURISDICTION AND VENUE

4. The events that form the basis of this Complaint occurred in Memphis, Shelby County, Tennessee.

5. Venue is properly situated in Shelby County pursuant to 28 U.S.C. § 1391.

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

7. This matter is brought within the appropriate statute of limitations.

8. A copy of the Plaintiff's Right to Sue letter regarding his ADAAA claim is attached as Exhibit A.

## FACTS

9. At all times pertinent to this Complaint, Plaintiff was employed as a driver for Defendants in Shelby County, Tennessee.

10. Plaintiff had been employed with Defendants since August of 2010.

11. At all relevant times herein, Plaintiff has been qualified to perform the duties of a driver for Defendants as an "employee" under 42 U.S.C. § 12111.

12. At all times relevant herein, Defendants were considered an "employer" and "covered entity" pursuant to 42 U.S.C. § 12111 having continuously employed more than fifteen (15) employees.

13. Plaintiff has had chronic back problems and pain in his back for several years prior to the events giving rise to this action for which he receives treatment and medication, including

narcotic analgesic pain medication on a monthly basis, from the VA Medical Center in Memphis.

14. This chronic pain disability and necessity for Plaintiff to take narcotic analgesic pain medication are documented in the D.O.T. examinations that Plaintiff was required to undergo as a condition of his employment with Defendants, which Defendants knew about and which were possessed by Defendants.

15. Additionally, Defendants were aware that Plaintiff was prescribed a handicap placard which would allow him to legally park in designated handicap areas, but at least one supervisor or manager, Michael Mackey, would not let him park in a designated handicap location because another employee was given priority to park in this designated area.

16. On or about July 27, 2017, Plaintiff worked his entire shift for Defendants but near the end of his shift, he was called by a dispatcher for Defendants and was told that he would be required to continue working beyond his shift because several other drivers had called out from work.

17. Due to his chronic, documented back issues and disability which require Plaintiff to take narcotic pain medication, Plaintiff requested not to work beyond his regular shift that night because of his back pain as he needed to go home and rest and take his prescription medication for his back.

18. Plaintiff advised the several employees of Defendants of this request, including Tamika Mitchell, dispatcher; Carla Cowan, supervisor; and Mark Rhyan, who is upon information and belief the location manager/supervisor. Nonetheless, Defendants refused to reasonably accommodate Plaintiff. In fact, Plaintiff was terminated from his employment with Defendants.

19. 42 U.S.C. § 12112 provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

20. For purposes of defining "discriminate against a qualified individual on the basis of disability," 42 U.S.C. § 12112 includes "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

21. Defendants' employees and supervisors openly discussed Plaintiff's request for reasonable accommodation and his chronic back pain disability during the request process.

22. Plaintiff was refused a reasonable accommodation and immediately terminated from employment by Defendants because they used Plaintiff's disability as a negative factor in the termination process.

## CAUSES OF ACTION

### COUNT I: ADAAA DISCRIMINATION

23. Plaintiff incorporates the paragraphs above as if specifically set forth herein.

24. Under the ADAAA, a "disability" may take any of the following forms: a physical or mental impairment that substantially limits one or more major life activities; a record of such impairment; or being regarded as having such an impairment. 42 U.S.C. § 12102(1).

25. In September 2008, Congress broadened the definition of "disability" by enacting the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553. In response to a series of Supreme Court decisions that Congress believed improperly restricted the scope of the ADA, Congress passed legislation with the stated purpose of "reinstating a broad scope of

protection to be available under the ADA. *Id.* at § 2(b)(1). Relevant to this case, Congress sought to override *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184, 199 (2002), in which the Supreme Court had adopted a strict construction of the term "disability" and suggested that a temporary impairment could not qualify as a disability under the Act. Congress believed that *Toyota* set an "inappropriately high level of limitation necessary to obtain coverage under the ADA." Pub. L. No. 110-325, § 2(b)(5). Abrogating *Toyota*, the ADAAA provides that the definition of disability "shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by [its] terms." 42 U.S.C. § 12102(4)(A). Further, Congress instructed that the term "substantially limits" be interpreted consistently with the liberalized purposes of the ADAAA. 42 U.S.C. § 12102(4)(B). Additionally, "[a]n impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active." 42 U.S.C. § 12102(4)(D).

26. Here, Plaintiff alleges his chronic back pain caused him to be actually disabled under the ADAAA. This is because he was "substantially limited" in one or more "major life activities" due to his chronic back pain, which the ADA recognizes as qualifying as a "disability." 42 U.S.C. § 12102(2)(A).

27. Per the applicable federal regulations governing the ADAAA, the term "substantially limits" shall be construed broadly in favor of expansive coverage and that the term is "not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i). Moreover, 42 U.S.C. § 12102(E)(i) provides that in determining "whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating

measures such as — . . . medication . . . [or] reasonable accommodations or auxiliary aids or services."

28. 42 U.S.C. § 12112 provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

29. Here, Defendants' agents openly discussed Plaintiff's back disability during his request for a reasonable accommodation.

30. Plaintiff was terminated by Defendants because they used Plaintiff's disability as a negative factor during the termination process.

## COUNT II: THRA CLAIM FOR DISCRIMINATION

31. Plaintiff incorporates the paragraphs above as if specifically set forth herein.

32. Disability discrimination is unlawful per the THRA.  Tenn. Code Ann. §§ 4-21-101 *et seq*.

33. Here, Defendant unlawfully discriminated against Plaintiff on the basis of his disability by considering Plaintiff's disability as a negative factor during the termination process.

## COUNT III: TDA CLAIM FOR DISCRIMINATION

34. Plaintiff incorporates the paragraphs above as if specifically set forth herein.

35. Disability discrimination is unlawful per the TDA.  Tenn. Code Ann. §§ 8-50-103 *et seq*.

36. Here, Defendant unlawfully discriminated against Plaintiff on the basis of his disability by considering Plaintiff's disability as a negative factor during the termination process.

## COUNT IV: RETALIATION UNDER THE ADAAA

37. Plaintiff incorporates the paragraphs above as if specifically set forth herein.

38. Retaliation is unlawful under the ADAAA.

39. Here, as set forth above, Defendant has unlawfully retaliated against Plaintiff for asserting his federally protected rights under the ADAAA.

40. Indeed, Defendant's actions, as set forth above, in whole or in part, are the type of actions that would dissuade a reasonable employee from making or filing a charge of discrimination.

## COUNT V: RETALIATION UNDER THE THRA

41. Plaintiff incorporates the paragraphs above as if specifically set forth herein.

42. Retaliation is unlawful under the THRA.

43. Here, as set forth above, Defendant has unlawfully retaliated against Plaintiff for asserting his protected rights under the THRA.

44. Indeed, Defendant's actions, as set forth above, in whole or in part, are the type of actions that would dissuade a reasonable employee from making or filing a charge of discrimination.

## COUNT VI: RETALIATION UNDER THE TDA

45. Plaintiff incorporates the paragraphs above as if specifically set forth herein.

46. Retaliation is unlawful under the TDA.

47. Here, as set forth above, Defendant has unlawfully retaliated against Plaintiff for asserting his protected rights under the TDA.

48. Indeed, Defendant's actions, as set forth above, in whole or in part, are the type of actions that would dissuade a reasonable employee from making or filing a charge of discrimination.

## DAMAGES

49. Plaintiff incorporates the paragraphs above as if specifically set forth herein, and for his damages asserts:

50. As a direct result of Defendant's unlawful actions, Plaintiff has suffered non-economic harm in the form of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, emotional distress, humiliation and embarrassment, and other nonpecuniary losses.  Additionally, as a direct result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer economic harm and pecuniary losses in the form of lost wages and benefits, and in loss of earning capacity.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that the Court cause service to be issued upon Defendant. Plaintiff further demands a jury to hear this cause, and upon a hearing thereon, prays that the Court:

51. Award Plaintiff back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

52. Award Plaintiff front pay and payment for loss of earning capacity, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

53. Award Plaintiff compensatory damages against Defendant in an amount to be determined by the jury;

54. Award Plaintiff punitive damages against Defendant in an amount to be determined by the jury;

55. Award Plaintiff all costs, disbursements, pre-judgment interest, post-judgement interest, expert witness fees and reasonable attorneys' fees allowed under actions brought pursuant to the ADAAA, THRA, and/or TDA; and,

56. Such further relief as is deemed just and proper.

                                  Respectfully submitted:

                                  **Spicer Rudstrom, PLLC**

                                  /s/: Cameron M. Watson
                                  Cameron M. Watson (BPR #033613)
                                  Jared S. Renfroe (BPR #029359)
                                  119 South Main, Suite 700
                                  Memphis, Tennessee 38103
                                  (901) 523-1333
                                  (901) 526-0213 fax
                                  cwatson@spicerfirm.com
                                  jrenfroe@spicerfirm.com
                                  *Attorneys for Plaintiff*